UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAVELODGE HOTELS, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WILCOX HOTEL, LLC and MARVIN DODD**<br><br>*Defendants*. | Civil Action No. 17-0391<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Travelodge Hotels, Inc.'s ("THI") motion for a permanent injunction and default judgment against Defendant Wilcox Hotel ("Wilcox Hotel") and Marvin Dodd ("Dodd") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 12. For the reasons set forth herein, the motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff THI is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. THI is a franchisor of guest lodging facilities. Id. ¶¶ 16. Wilcox Hotel is a limited liability company organized and existing under the laws of the State of Arizona, where it also has its principal place of business. Id. ¶ 2. Dodd is the sole member of Wilcox Hotel and a citizen of the State of Arizona. Id. ¶ 3. On January 19, 2017, THI initiated a Complaint in this action against Wilcox Hotel and Dodd. ECF No. 1.

On or about December 31, 2015, THI entered into the Franchise Agreement with Wilcox Hotel for the operation of an 80-room Days Inn guest lodging facility located at 1100 W. Rex Allen Drive, Wilcox, Arizona 85643 (the "Facility"). Id. ¶ 20. Wilcox Hotel was obligated to

operate the Facility for a fifteen-year term, during which time Wilcox Hotel was permitted to use the Travelodge Marks in associate with the operation and use of the Facility as part of THI's franchise system. Id. ¶ 21. In addition, Wilcox Hotel agreed to make certain periodic payments to THI for royalties, system assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"); to accurately report its monthly gross revenue for the purpose of determining the amount of royalties and other Recurring Fees due to THI; and to maintain accurate financial information and permit THI to examine and audit its books and records. Id. ¶¶ 21-25. For all past due amounts payable to THI, Wilcox Hotel agreed to pay interest at the rate of 1.5% per month or the maximum rate permitted by law, whichever is less. Id. ¶ 23.

Pursuant to Section 11.2 of the Agreement, THI had the right to terminate the Agreement with notice to Wilcox Hotel, if Wilcox Hotel (a) discontinued operating the Facility as a Travelodge guest lodging establishment and/or (b) lost possession or the right to possession of the Facility. Id. ¶ 26.

Sections 12.1 and 18.5 of the Agreement provided that upon termination pursuant to Section 11.2, Wilcox Hotel would be required to pay liquidated damages to THI in accordance with a formula specified by the Agreement. Id. ¶ 17. Section 18.5 set liquidated damages for the Facility at the lesser of $1,000.00 for each guest room of the Facility that Wilcox Hotel was authorized to operate at the time of termination, or the total amount of Recurring Fees generated at the Facility during the year of operation immediately preceding the date of termination. Id. ¶ 18. Pursuant to Section 17.4 of the Agreement, Wilcox Hotel also agreed that in the event of litigation, the non-prevailing party would pay all legal costs and expenses, including reasonable attorneys' fees. Id. ¶ 30.

Effective as of the date of the Franchise Agreement, Dodd provided THI with a Guaranty

of Wilcox Hotel's obligations under the Franchise Agreement. Id. ¶ 31. Pursuant to the Guaranty, Dodd agreed, among other things, that upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause [Wilcox Hotel] to perform, each unpaid or unperformed obligation of [Wilcox Hotel] under the [Franchise] Agreement." Id. ¶ 32. In addition, Dodd agreed to pay the costs, including reasonable attorneys' fees, incurred by THI in enforcing its rights or remedies under the Guaranty or Franchise Agreement. Id. ¶ 33.

On or about September 19, 2016, Wilcox Hotel unilaterally terminated the Franchise Agreement by closing the Facility. Id. ¶ 34. By letter dated September 28, 2016, THI acknowledged Wilcox Hotel's unilateral termination of the Franchise Agreement, effective September 19, 2016, and advised Wilcox Hotel that it was to immediately (a) de-identify the Facility and remove all signage and other items bearing the Travelodge marks, (b) perform all post-termination obligations specified in the Systems Standards Manual; (c) change all signs, billboards, and listings in telephone directories, travel guides, hotel indexes, and similar materials in which the Facility was identified as a Travelodge-facility; (d) remove the Travelodge marks from any advertising or promotional activities on, around, or directed towards the Facility, including any web sites, web pages, or search engines; (e) pay $80,000 in liquidated damages for premature termination; and (f) pay all outstanding Recurring Fees through the date of termination. Id. ¶ 35. Since the termination of the Franchise Agreement, THI alleges that Wilcox Hotel has continued to use the Travelodge marks to induce the traveling public to rent guest rooms at the facility. Id. ¶ 38. THI also alleges that Wilcox Hotel has continued to use the Travelodge marks without authorization through, among other things, failure to remove Travelodge signage and continuing to identify the Facility as a Travelodge guest lodging facility. Id. ¶ 39.

## II. PROCEDURAL POSTURE

On January 19, 2017, THI filed the instant Complaint. ECF No. 1. The Complaint contains

eight counts against Defendants: (1) a Lanham Act claim, 15 U.S.C. §§ 1114 and 1125(a) and (c), to enjoin Wilcox Hotel from using the Travelodge marks, id. ¶ 41-51; (2) a restitution claim for revenue derived from using the Travelodge marks, id. ¶ 52-55; (3) a claim for liquidated damages of $80,000.00, id. ¶ 56-62; (4) a claim for actual damages, id. ¶ 63-66; (5) a claim for $39,233.07 in outstanding Recurring Fees, id. ¶ 67-70; (6) an unjust enrichment claim for failure to remit Recurring Fees to THI, id. ¶ 71-75; (7) a claim against Dodd under the Guaranty for Wilcox Hotel's failure to remit Recurring Fees to THI, id. ¶ 76-79; and (8) a claim for the right to enter the property at the Facility and remove any and all exterior signage, exterior items and other exterior materials displaying the Travelodge marks, id. ¶ 80-85.

On February 18, 2017, THI served Defendants with the Complaint. ECF No. 6. On March 30, 2017, THI requested the entry of default against Wilcox Hotel and Dodd, and the Clerk entered default the following day. ECF No. 7. On August 30, 2017, THI filed the instant motion for default judgment against Wilcox Hotel and Dodd. ECF No. 12. THI seeks $150,467.42, consisting of $43,090.08 in Recurring Fees, inclusive of interest at the rate of 1.5% per month per the Franchise Agreement, $93,728.60 in liquidated damages, inclusive of interest, and $13,648.74 in Lanham Act damages ($4,549.58 trebled). Id. THI also seeks an injunction enjoining Defendants from marketing, promoting, or renting guest lodging services at the Facility under the Travelodge marks. Id. In support of its motion, THI attaches an Affidavit from Michael Piccola, Vice President of Contracts Administration at THI, containing an explanation of the figures THI seeks and documents to support THI's calculations. ECF 12.3 ("Piccola Aff.").

### III. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before

entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

**IV. Analysis**

**A. Jurisdiction & Service**

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. The Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. §1332 because THI and Defendants are citizens of different states and there is an amount in controversy exceeding $75,000. See Compl. ¶¶ 1-8. The Court has personal jurisdiction over Wilcox Hotel based upon consent to jurisdiction in this district in Section 17.6.3 of the Agreement, which states that Wilcox Hotel consented to and waived objection to "the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey . . . ." Id. ¶ 6. This Court has personal jurisdiction over Dodd pursuant to the terms of the Guaranty,

in which Dodd acknowledged that he was personally bound by Section 17 of the Agreement. Id. ¶ 7. THI also provided the Court with proof of personal service on Defendants. See Executed Summonses, ECF Nos. 4, 6; Couch Cert. ¶¶ 5-8, ECF No. 12.

**B. Liability**

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. Comdyne I, 908 F.2d at 1149.

The Court is satisfied that Plaintiff has adequately pled its claim against Defendants for federal trademark infringement under the Lanham Act. To establish federal trademark infringement under the Lanham Act, the record must demonstrate that (1) plaintiff has a valid and legally protectable mark, (2) plaintiff owns the mark, and (3) defendant's use of the mark to identify goods or services causes a likelihood of confusion. A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000). THI has sufficiently pled that the marks were valid and that it owns the marks. THI's papers also establish that Defendants engaged in unauthorized use of the marks—and continue to engage in authorized use by failing to remove the Travelodge marks on the Facility—and that that use caused a likelihood of confusion. See, e.g., Travelodge Hotels, Inc. v. Seaside Hosp., LLC, No. 15-5595, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (collecting cases establishing that proof of unauthorized use of a trademark is sufficient to establish likelihood of confusion).

The Court is also satisfied that THI has adequately pled claims against Defendants for breach of contract. To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that defendant breached the Contract; and (3) that plaintiff suffered damages due to the breach. AT&T Credit Corp. v. Zurich Data

Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). THI has alleged that: (1) there was a contractual relationship between THI and Wilcox Hotel based on the Agreement, See Compl. ¶ 20; (2) Wilcox Hotel breached the Agreement by terminating the Agreement prematurely and by failing to make payments of Recurring Fees owed to Plaintiff, see id. ¶ 39, 69; (3) Dodd breached the Guaranty when he failed to fulfill Wilcox Hotel's obligations under the Agreement, see id. ¶¶ 77-79; Piccola Aff., Ex. 4; and (4) THI suffered damages as a result of Defendants' breach, see Compl. ¶¶ 62, 66. Therefore, THI has sufficiently alleged a breach of contract by Defendants.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to the default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See U.A. Local 322 Pension Fund v. J.R. McGee Plumbing Ltd. Liab. Co., No. 16-3738, 2017 WL 498692, at *3 (D.N.J. Feb. 7, 2017). Second, the Court finds that THI will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. See RLS Distribution, Inc. v. Small, No. 16-3714, 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016). Finally, the Court finds that Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Couch Cert. ¶¶ 5-11; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

THI has requested a default judgment in the amount of $150,467.42. Piccoloa Aff. ¶ 45. This amount is calculated as of August 30, 2017, and consists of Recurring Fees in the amount of $43,090.08, inclusive of interest at the rate of 1.5% per month, $93,728.60 in liquidated damages, inclusive of interest at the rate of 1.5% per month, and $14,648.74 in infringement damages. Id. ¶¶ 35-44; Piccoloa Aff., Ex. G.

In support of its claims for Recurring Fees, THI has submitted an itemized statement setting forth the amounts of Recurring Fees due and owing. See Piccoloa Aff., Ex. F. This evidence satisfies the legal standard for damages. See, e.g., Travelodge Hotels, Inc. v. JSK Hospitality, LLC, No. 16-4982, 2017 WL 3208348, at *4 (D.N.J. Jul. 28, 2017) (holding that similar evidence of damages was sufficient for the entry of default judgment); Travelodge v. Seaside Hosp., 2016 WL 5899281, at *5 (D.N.J. Oct. 6, 2016) (same); Travelodge Hotels, Inc. v. CPK, INC., No. 13-4796, 2015 WL 5770508, at *4 (D.N.J. Sept. 30, 2015) (same). In support of its claim for liquidated damages, THI has attached the Franchise Agreement, which sets liquidated damages for premature termination at $1,000 per room, or $80,000.00 for the 80-room Facility. See Piccoloa Aff., Ex. A. Finally, in support of its request for infringement damages, THI has submitted calculations adequate to support its request for $4,549.58, which it seeks to triple under the Lanham Act. Piccoloa Aff. ¶ 43-44, see 15 U.S.C. § 1117(b).

Treble damages are only to be imposed if the defendant's infringement was intentional, knowing, or willfully blind. See Microsoft Corp. v. CMOS Techs., 872 F. Supp. 1329, 1339-41 (D.N.J. 1994) (citing Louis Vuitton S.A. v. Lee, 875 F.2d 584, 588-90 (7th Cir. 1989); Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC, No. 06-1581, 2007 WL 1674485, at *8 (D.N.J. June 8, 2007). THI's papers contain no evidence of intentional, willful, or knowing infringement by Defendants; rather, the papers show that Defendants passively failed to remove the Travelodge

marks after closing the Facility.  See Travelodge v. Seaside Hosp., 2016 WL 5899281, at *6 (D.N.J. Oct. 6, 2016) (declining to treble Lanham Act damages when defendant "passively delayed in discharging its contractual duty to remove the mark from the building once the Agreement was cancelled."). Without any evidence of willful conduct, the Court declines to treble the infringement damages, and instead grants THI's requested injunction enjoining Defendants from continuing to market, promote, or rent guest lodging services at the Facility under the Travelodge marks.

### V. CONCLUSION

For the reasons set forth herein, THI's motion for default judgment, ECF No. 12, is **GRANTED**.  An appropriate Order accompanies this Opinion.


**Dated: April 23, 2018**

                                      */s Madeline Cox Arleo*
                                      **Hon. Madeline Cox Arleo**
                                      **United States District Judge**